**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ADOLPH HENRY LOVE, JR., # N-70991, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00222-MJR |
| | ) | |
| PAT QUINN, SALVADOR A. GODINEZ, | ) | |
| ALLAN MARTIN, ALPHONSO DAVID, | ) | |
| and DAVID A. FOLSOM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eight-year sentence for burglary. His claims arose during his incarceration at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that the five defendants, i.e., Pat Quinn (Illinois governor), Salvador A. Godinez (Illinois Department of Corrections director), Allan Martin (Shawnee warden), Alphonso David (Shawnee medical director), David A. Folsom (Shawnee sergeant), and several unnamed Shawnee medical staff members[1] violated his Eighth Amendment rights to adequate medical care and humane conditions of confinement (Doc. 1, pp. 4-6). Plaintiff asserts state law negligence claims against Defendant David and the medical staff members (Doc. 1, pp. 7, 11, 16). He also asserts a retaliation claim against Defendant Folsom (Doc. 1, p. 19). Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.[2]

---

[1] Plaintiff asserts several Eighth Amendment and negligence claims against unnamed Shawnee medical staff members, all of whom worked the 3-11:00 p.m. shift from January through March 2012. For ease of reference, the Court will refer to these individuals as the "medical staff members."

[2] The Court leaves for another day – and a fuller record – the question of whether Plaintiff's request for injunctive relief specific to Shawnee is moot. Plaintiff is no longer an inmate at Shawnee. Therefore, his

Specifically, Plaintiff alleges that he was diagnosed with disabling spine inflammation and arthritis in 2006, before he was transferred to Shawnee (Doc. 1, p. 4). While at other institutions, Plaintiff completed a course of physical therapy and received a lower bunk prescription (Doc. 1, pp. 4-5). Upon his arrival at Shawnee on November 30, 2011, Plaintiff sought diagnosis of and treatment for these conditions, to no avail (Doc. 1, p. 8). Plaintiff submitted multiple sick call requests, asking to see a doctor for his self-described "intense, very excruciating low back pain" (Doc. 1, p. 9). Defendant David never examined Plaintiff for spine inflammation or arthritis. He never ordered testing. He never referred Plaintiff to a specialist. He did not provide Plaintiff with a lower bunk prescription. Plaintiff alleges that Defendant David was negligent and deliberately indifferent to his serious medical needs (Doc. 1, pp. 10-11).

Plaintiff's health deteriorated on January 15, 2012, when a cellmate beat Plaintiff in the head and ribs (Doc. 1, pp. 5, 11). Plaintiff began suffering from rib pain, blurry vision, migraines, and memory lapses (Doc. 1, p. 12). Despite his requests, Plaintiff could not get medical staff members or Defendant David to order any testing (Doc. 1. p. 13). Plaintiff alleges that Defendant David and these medical staff members were both negligent and deliberately indifferent to his serious medical needs (Doc. 1, pp. 10, 12).

Plaintiff's health deteriorated further in March 2012, after he was placed in segregation. Defendant Folsom forced Plaintiff to sleep on the cell floor (Doc. 1, p. 15). While sleeping there, Plaintiff was bitten by a spider once on his right forearm and three times on his lower right leg (Doc. 1, p. 16). Plaintiff's leg became swollen and painful. He had trouble securing medical treatment. Because of the delay, Plaintiff developed a staph infection, which

---

prayer for injunctive relief is moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

caused permanent scarring (Doc. 1, p. 22).  Plaintiff alleges that the medical staff members were both negligent and deliberately indifferent to his serious medical needs (Doc. 1, pp. 10, 12).

Plaintiff also alleges that Defendant Folsom violated Plaintiff's Eighth Amendment rights and retaliated against him for using Shawnee's grievance system to complain about the above-described incidents (Doc. 1, p. 26). Defendant Folsom wrote Plaintiff two disciplinary tickets, forced Plaintiff to sleep on the floor, forced Plaintiff to use the top bunk (which resulted in still another injury), threatened Plaintiff with the loss of personal property, and intercepted Plaintiff's mail (Doc. 1, pp. 19-26).  Plaintiff asserts Eighth Amendment and retaliation claims against Defendant Folsom.

## Merits Review Pursuant to 28 U.S.C. § 1915A

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants David, Folsom, and the medical staff members (Count 1).  Plaintiff has also articulated a colorable retaliation claim against Defendant Folsom (Count 2).

However, Plaintiff has failed to state an actionable constitutional claim against Defendants Quinn, Godinez, or Martin.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'"

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff has not alleged facts which demonstrate that Defendants Quinn, Godinez, or Martin is "personally responsible for the deprivation of a constitutional right." *Id.*  In fact, Plaintiff makes no allegations against any of them in the body of the complaint.  Plaintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and so that they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendants Quinn, Godinez, and Martin will be dismissed from this action without prejudice.

As for Defendant David and the medical staff members, Plaintiff also raises a negligence (i.e., medical malpractice) claim, based on the same conduct detailed above (Count 3).  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

4

While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required affidavits is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the

---

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).   In the instant case, Plaintiff has failed to file the necessary affidavits.  Therefore, the claim in Count 3 is subject to dismissal.  Plaintiff shall be allowed 60 days from the date he discovers the names of the currently unknown medical staff members to file the required affidavits.  Should Plaintiff fail to timely file the required affidavits, Count 3 shall be dismissed without prejudice.  *See* FED. R. CIV. P. 41(b).

**Discovering the Names of the Shawnee Medical Staff Defendants**

It is impossible to pursue a claim against unidentified defendants.  *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (Eighth Amendment deliberate indifference claim requires identification of the culprits because the claim fails "[w]ithout minds to examine.").  Thus, Plaintiff must discover the names of the medical staff members, in order to pursue his claims against them.  It is common in prisoner cases for the prisoner to name a high-ranking prison or jail official as a defendant for the sole purpose of identifying unknown defendants through discovery.  In this case, Plaintiff has named and will be allowed to proceed against Defendant David, who is Shawnee's medical director.  In order to resolve Plaintiff's claims as efficiently as possible, Defendant David will be required to disclose to Plaintiff and the Court the names of those Shawnee medical staff members who worked the 3-11:00 p.m. shift from January through March 2012 within thirty days of service of this lawsuit on Defendant David.  Once Plaintiff discovers their names, he will be required to amend his complaint to include those additional defendants, and all defendants will be served with the summons and amended complaint.

6

**Pending Motions**

Plaintiff's motion for case management conference is **DENIED** (Doc. 4).

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

**Disposition**

**DEFENDANTS QUINN, GODINEZ,** and **MARTIN** are dismissed from this action without prejudice.

**IT IS ORDERED** that Defendant **DAVID** shall disclose, in writing, to Plaintiff and to this Court the full names of those Shawnee medical staff members who worked the 3-11:00 p.m. shift from January through March 2012.  Defendant David shall disclose these names no later than 30 days of service of this Complaint upon him.

**IT IS FURTHER ORDERED** that as to the Eighth Amendment claim in **COUNT 1** and the medical malpractice claim in **COUNT 3** against **MEDICAL STAFF MEMBERS**, should Plaintiff wish to proceed with this case against the medical staff members, Plaintiff shall file an Amended Complaint, naming all Defendants directly responsible for the alleged deprivations of his constitutional rights (including Defendants David, Folsom, and the medical staff members), within 35 days of discovering their names.  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  The Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Amended Complaint.  Failure to file an Amended Complaint may result in dismissal of Plaintiff's claims against the **MEDICAL**

7

**STAFF MEMBERS** pursuant to Federal Rule of Civil Procedure 41(b).

      **IT IS FURTHER ORDERED** that as to the medical malpractice claim in **COUNT 3** against Defendant **DAVID** and the **MEDICAL STAFF MEMBERS**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. § 5/2-622, no later than 60 days from the date he discovers the names of the currently unknown medical staff members.  Should Plaintiff fail to timely file the required affidavits, **COUNT 3** shall be dismissed without prejudice.

      As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS DAVID, FOLSOM,** and the **MEDICAL STAFF MEMBERS** (once discovered):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

      Plaintiff shall serve upon Defendants (or upon defense counsel once an

appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  March 28, 2013

s/ MICHAEL J. REAGAN
U.S. District Judge