IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADOLPH HENRY LOVE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 13–cv–0222–MJR–SCW |
| | ) |
| ALPHONSO DAVID, DAVID A. FOLSOM, and KAREN BOYD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

In this § 1983 civil rights case, *pro se* Plaintiff Adolph Love has sued three officials in the Illinois Department of Corrections ("IDOC") for alleged deliberate indifference to his serious medical needs (to include back pain and a spider bite), has sued two of them (Defendants Folsom and Boyd) for retaliating against Plaintiff for using the prison grievance system, and targeted one Defendant (Folsom) for interfering with his mail. The case comes before the Court on a Report and Recommendation ("R&R") entered on January 31, 2014, by Magistrate Judge Stephen C. Williams.

In the R&R, Judge Williams addresses dispositive motions filed by Defendants David and Folsom. As to Defendant David, Judge Williams recommends granting summary judgment because Plaintiff failed to exhaust his administrative remedies (as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e). But Judge Williams only recommended partial summary judgment as to Defendant Folsom, since Plaintiff was thwarted in his attempts to greive about his back complaints and retaliation vis-à-vis Folsom.[1] Further, Judge Williams recommends finding moot Plaintiff's

---

[1] Defendant Boyd was added via Amended Complaint in October 2013, and has yet to appear in the case.

1

motion for injunctive relief at Docket No. 37, since the request has nothing to do with the claims currently before the Court.

The parties were informed that their deadline for objecting to Judge Williams R&R was February 18, 2014—a date that has come and gone. Because no party has filed an objection, the undersigned need not undertake *de novo* review. **28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations** *to which objection is made.***") (emphasis added).** *See also Thomas v. Arn***, 474 U.S. 140 (1985);** *Johnson v. Zema Sys. Corp.***, 170 F.3d 734, 741 (7th Cir. 1999);** *Video Views, Inc. v. Studio 21, Ltd.***, 797 F.2d 538 (7th Cir. 1986).**

The undersigned accordingly **ADOPTS** in its entirety Judge Williams' Report & Recommendation (**Doc. 89**) and rules as follows: Defendant David's Motion for Summary Judgment (**Doc. 42**) is **GRANTED**; Defendant Folsom's Motion for Summary Judgment (**Doc. 44**) is **GRANTED IN PART and DENIED IN PART**; and Plaintiff's Motion Requesting Leave to Solve Significant Matter (**Doc. 37**) is found **MOOT**.

Plaintiff's claims of deliberate indifference (to his back problems) and retaliation survive as to both Defendants Boyd and Folsom.

**IT IS SO ORDERED.**

DATE: <u>February 24, 2014</u>              s/ <u>*Michael J. Reagan*</u>
                                            **MICHAEL J. REAGAN**
                                            United States District Judge