IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADOLPH HENRY LOVE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13–cv–0222–MJR–SCW |
| DAVID FOLSOM and KAREN BOYD, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

In this § 1983 civil rights action, *pro se* Plaintiff Adolph Love sued several officials in the Illinois Department of Corrections (IDOC) for administering constitutionally deficient medical treatment while Plaintiff was incarcerated at Shawnee Correctional Center. The case is before the Court on Defendant Karen Boyd's motion for summary judgment, in which she argues Plaintiff failed to exhaust his administrative remedies before filing suit (as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)). As relevant to the instant motion, Plaintiff's lawsuit targets Boyd for acting with deliberate indifference to (1) injuries following a January 2012 altercation and (2) a spider bite.

The matter was referred to Magistrate Judge Williams who, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), held an evidentiary hearing and submitted a Report and Recommendation ("R&R") (Doc. 115). Judge Williams, finding Plaintiff's version of events not credible, recommends granting Boyd's motion. Plaintiff filed a

timely (but, as discussed below, unacceptably vague) response in late January 2015, and the matter is ripe for ruling. The undersigned agrees with Judge Williams' analysis, and for the reasons explained below, ADOPTS Judge Williams R&R in full and GRANTS Defendant Boyd's Motion for Summary Judgment.

## LEGAL STANDARDS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below—must undertake *de novo* review of the portions to which an objection has been made. **28 U.S.C. § 636(b)(1)(C).**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In Illinois, the grievance process requires a prisoner to speak with his counselor, file a written grievance (within 60 days of the incident), then appeal that grievance through the institutional and state (i.e., "Administrative Review Board," or "ARB") levels. **20 Ill. Admin. Code §§ 504.810–850.** The initial grievance is addressed by the institution's grievance officer, who reports his findings to the Chief Administrative Officer, who in turn has two months "where reasonably feasible under the circumstances" to advise the inmate (in writing) of a final decision. ***Id.* at § 504.830(d).** Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).** Administrative remedies

become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or when prison employees thwart a prisoner from exhausting, *Dole*, 438 F.3d at 809.

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, 544 F.3d 739, 742 (7th Cir. 2008). And in holding that hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley* (*Pavey II*), 663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that Plaintiff was not credible). In other words (and unlike other summary judgment motions) the very purpose of the *Pavey I* procedure is to allow a judge to resolve swearing contests between litigants. *See Pavey I*, 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").

Further, while the Court undertakes *de novo* review of the R&R portions to which a party objects, the Court will give great deference to Judge Williams' factual findings and credibility determinations. *Pavey II*, 663 F.3d at 904. *See also Towns v. Holton*, 346 F.App'x 97, 100 (7th Cir. 2009) (great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[D]*e novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

### JUDGE WILLIAMS' R&R AND PLAINTIFF'S OBJECTION

This is the second time the matter of Plaintiff's administrative grievances has come before the Court. Last year, the undersigned dismissed another Defendant (and certain claims against Defendant Folsom, who remains a Defendant) after Judge Williams so recommended. That analysis hinged on several grievances purportedly pursued by Plaintiff, including grievances dated January 2012, April 2012, and June 2012. (*See* Doc. 90).

As it pertains to Defendant Boyd, the grievances follow a similar timeline. Grievances dated January 16 and April 18, 2012, deal with Defendant Boyd's treatment of Plaintiff's post-altercation injuries. A June 1, 2012 grievance concerns Plaintiff's spider bite. Judge Williams found the following, regarding the:

- **January 16, 2012, Grievance.** Plaintiff testified he submitted the grievance to the Shawnee Grievance Officer on February 4, 2012, and when the officer failed to respond, he mailed the grievance directly to the ARB on February 29, 2012. Judge Williams, pointing to institutional and IDOC records, found that Plaintiff had not actually submitted the grievance to the Grievance Officer, and that in any event his direct appeal to the ARB was far too early to allow IDOC officials to process Plaintiff's grievance.

- **April 18, 2012, Grievance.** As the undersigned held before (in adopting Judge Williams first—unopposed—R&R), Plaintiff failed to exhaust the April 18, 2012, grievance because he did not attempt to appeal it to the ARB.

- **June 1, 2012, Grievance.** Plaintiff claimed he did not appeal his grievance to the state level because he believed the ARB would not accept it. (The Grievance Officer had provided him with a memo, rather than the proper grievance officer response form). Judge Williams held, pursuant to *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006) and *Obriecht v. Raemisch*, 517 F.3d 489 (7th Cir. 2008), that Plaintiff was required to attempt an appeal even if he thought it would be futile.

Plaintiff (who has apparently been released from IDOC custody) filed a document captioned "Objections to the Report and Recommendations / Proposed Findings of Fact." The filing, however, is vague. The most pointed portion of the filing is an unsupported "wherefore" clause claiming to 'object[ ] to 'some' of the proposed dispositive findings and recommendations…" (Doc. 117, 2).

## ANALYSIS

Local Rule 73.1 requires any party objecting to a magistrate judge's dispositive findings / recommendations to file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for the objections." **SDIL–LR 73.1(b)**. Plaintiff's non-specific "objection" categorically fails to comport with that local rule, in that it offers no specific basis for the undersigned to review Judge Williams' R&R. The Seventh Circuit has endorsed district courts' discretion to enforce local rules. See *Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008) ("[L]ocal rules streamline litigation and save litigants, lawyers and courts time and money."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

Exercising that discretion, the Court will consider Plaintiff's "objection" a nullity, and accordingly **ADOPT** Judge Williams' R&R. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986) (adopting the rule

5

that "failure to file objections with the district judge waives the right to appeal all issues, both factual and legal.").

Even if the R&R were subject to plenary review, the result would be the same. Defendant offered ample evidence that Plaintiff was consistently grieving about other problems, including medical ones, and that officials processed them in a timely manner. Plaintiff's ultimate argument is that officials' categorical failure to respond to *any* of his grievances excused his decision not to pursue grievances about the incidents at the heart of this case. As Judge Williams concluded, neither the factual or legal predicates to that argument hold any water here. *See Obriecht*, 517 F.3d at 492 ("Exhaustion is required even if the prisoner believes his efforts in securing relief will be futile.");

## CONCLUSION

For the reasons explained above, the undersigned **ADOPTS (Doc. 115)** Judge Williams' Report and Recommendation in full, and **GRANTS (Doc. 101)** Defendant Boyd's Motion for Summary Judgment.

The only remaining claims are against Defendant Folsom, whom Plaintiff alleges (1) acted with deliberate indifference (to Plaintiff's back pain) and (2) retaliated against Plaintiff for using the grievance system.

IT IS SO ORDERED.
DATE: February 25, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT