IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADOLPH HENRY LOVE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  13-cv-222-MJR-SCW |
| | ) |
| DAVID A. FOLSOM, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.  Introduction

This case is before the Court on Defendant's Oral Motion to Dismiss for Want of Prosecution.  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).**  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendant's motion to dismiss (Doc. 124).

### II.  Findings of Fact

Plaintiff filed his Complaint on March 6, 2013 pursuant to 42 U.S.C. § 1983 alleging that Defendant Folsom acted with deliberate indifference to Plaintiff's back and retaliated against him (Doc. 1).  Plaintiff also alleged that other Defendants violated his constitutional rights but those Defendants were ultimately dismissed, leaving only the claims against Defendant Folsom.

This case was set for a final pretrial conference on April 30, 2014 (Doc. 25). At that time Plaintiff failed to appear (Doc. 119). As Plaintiff had been released from prison on December 20, 2013 (Doc. 78) and the final pretrial conference date had been set well before that release date, the Court directed that the final pretrial conference be reset and notice of the hearing sent to Plaintiff's current address (Doc. 120). The matter was reset for May 13, 2015. Notice was sent to Plaintiff's current address and was not returned, indicating that the notice was properly received. On May 13, 2015, Plaintiff again failed to appear. Defendant, at that time, moved for dismissal with prejudice for failure to prosecute.

### III.  Conclusions of Law

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, the Local Rules provide, and Plaintiff was informed in this Court's threshold Order, that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." **See LOCAL RULE 3.1(b).**

While Plaintiff has had ample opportunity to prosecute this case, Plaintiff has failed to file anything in this case since he appeared in Court for a hearing on a pending summary judgment motion on January 7, 2015 (Doc. 114). Nor has he appeared at either scheduled final pretrial conference or contacted the Court in regards to his absence. Plaintiff was also instructed to contact defense counsel in order to prepare a final pretrial order and counsel informed the Court that Plaintiff failed to contact him. Further, there is no indication that he did not receive notice of the May 13, 2015 hearing or the Court's directive as notice was sent to his last known address on May 1, 2015 and was not returned as undeliverable. If Plaintiff has since moved, he was under a continuing obligation to inform the Court of any change in his address and he has failed to do so. As Plaintiff

has failed to appear or file anything in this case since January, the undersigned **RECOMMENDS** that the Court **DISMISS with prejudice** Plaintiff's case for want of prosecution.  Plaintiff has had ample notice and opportunity to appear at the scheduled hearing and/or to contact opposing counsel as directed by this case, but has failed to do so.

### IV.   Conclusion and Recommendation

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' oral motion to dismiss (Doc. 124) and **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **June 8, 2015.**

**IT IS SO ORDERED**.

DATED: May 22, 2015

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge